

FILED

SEP - 2 2008

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| LUMBER LIQUIDATORS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Civil Action No. _3:08CV573_ |
| | ) |
| STONE MOUNTAIN CARPET MILLS, | ) |
| INC., d/b/a THE FLOOR TRADER, | )    **TRIAL BY JURY DEMANDED** |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Lumber Liquidators, Inc. ("Lumber Liquidators"), by counsel, for its complaint against Defendant Stone Mountain Carpet Mills, Inc., d/b/a/ The Floor Trader, states as follows:

### INTRODUCTION

1.     This is an action for federal trademark and trade dress infringement for the unauthorized use, adoption, appropriation and/or copying of Lumber Liquidators' federally registered and common law trademarks and trade dress in violation of Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a) and the common law; for federal and common law unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and the common law; and for federal trademark dilution in violation of the Federal Trademark Dilution Statute, 15 U.S.C. § 1125(c).  Lumber Liquidators seeks equitable relief, including preliminary and permanent injunctive relief, to prevent further unauthorized and deceptive usage of Lumber Liquidators' federally registered and common law trademarks and trade dress, as well as damages, punitive damages, costs and attorney's fees.

## PARTIES, JURISDICTION AND VENUE

2.      Lumber Liquidators is a Delaware corporation with its principal place of business at 3000 John Deere Road, Toano, Virginia 23166.

3.      Upon information and belief, defendant Stone Mountain Carpet Mills, Inc., d/b/a/ The Floor Trader ("Floor Trader") is a Missouri corporation with its principal place of business at 4301 Earth City Expressway, Earth City, Missouri 63045.

4.      This Court has personal jurisdiction over Floor Trader because Floor Trader transacts substantial business in the Commonwealth of Virginia and because Floor Trader is subject to jurisdiction under Virginia Code Section 8.01-328.1.

5.      This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1332, and 1338(a) & (b), and has supplemental jurisdiction over the state common law claims under 28 U.S.C. § 1367(a).

6.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b) & (c), and because a substantial part of the events or omissions giving rise to Lumber Liquidators' claims against Floor Trader occurred in the cities or counties constituting the Richmond Division.

## FACTS COMMON TO ALL COUNTS

7.      Since 1994, Lumber Liquidators has been in the business of providing unfinished and pre-finished hardwood flooring products and services.  Today, Lumber Liquidators is the largest independent retailer specializing in hardwood flooring in the United States, with 140 stores around the United States.  Lumber Liquidators had total sales of more than $400 million in 2007.

8.      Lumber Liquidators sells a wide variety of hardwood flooring, including American cherry, walnut, ash, beech, birch and hickory, Birdseye maple, red oak, bamboo, and even exotics, such as Bolivian rosewood, Australian cypress, and Brazilian Cherry, among others.

9.      Since at least 2001, Lumber Liquidators has provided hardwood flooring products and services under a number of distinctive trademarks and service marks including but not limited to: LUMBER LIQUIDATORS; LUMBER LIQUIDATOR$ HARDWOOD FLOORING FOR LESS! & design; LUMBER LIQUIDATOR$ HARDWOOD FLOORING FOR LESS! & design incorporating yellow and black colors with a slanted design; and the color YELLOW for retail and wholesale services and distributorship services featuring wood products (collectively referred to herein as the "LUMBER LIQUIDATORS Marks"). Copies of materials evidencing and illustrating Lumber Liquidators' use of the LUMBER LIQUIDATORS Marks are attached hereto as Exhibit A and incorporated herein by reference.

10.     Lumber Liquidators owns U.S. Registration No. 3,297,156, for the LUMBER LIQUIDATORS HARDWOOD FLOORING FOR LES$ & design incorporating yellow and black colors with a slanted design. A copy of the registration certificate for this mark is attached hereto as part of Exhibit B and is incorporated herein by reference. Lumber Liquidators' federal trademark registration gives the company the exclusive right to use that mark subject to such registration throughout the United States. Additionally, Lumber Liquidators also owns a pending U.S. federal trademark application for registration of its use of the color YELLOW (U.S. Serial No. 77/135094) as a service mark.

3

11.    Since at least 2001, Lumber Liquidators has provided hardwood flooring products and services using a distinctive and nonfunctional trade dress incorporating yellow and black colors and using slanted letter designs.  Lumber Liquidators has used this trade dress (the "LUMBER LIQUIDATORS Trade Dress") to promote its products in its store signs, billboards and mobile advertising, website and other advertising.  Copies of materials evidencing and illustrating Lumber Liquidators' use of the LUMBER LIQUIDATORS Trade Dress are attached hereto as Exhibit C and incorporated herein by reference.

12.    Lumber Liquidators has heavily advertised and promoted the LUMBER LIQUIDATORS Marks and Trade Dress.  This advertising and promotion has been accomplished by means of promotional and informational brochures, media advertising, signage and business forms and envelopes, each of which have featured the LUMBER LIQUIDATORS Marks and Trade Dress.  *See* Exhibits A and C.

13.    In addition, Lumber Liquidators utilizes the LUMBER LIQUIDATORS Marks extensively on its worldwide Internet website located at www.lumberliquidators.com (the "Lumber Liquidators Website").  Copies of materials evidencing and illustrating Lumber Liquidators' use of the LUMBER LIQUIDATORS Marks and Trade Dress on the Lumber Liquidators Website are attached hereto as Exhibit D and incorporated herein by reference.

14.    Since its inception, Lumber Liquidators has spent millions of dollars in advertising and promotion of its business under the LUMBER LIQUIDATORS Marks and Trade Dress. Lumber Liquidators has developed substantial goodwill in the LUMBER LIQUIDATORS Marks and Trade Dress, which are associated closely with Lumber Liquidators' business, and which serve to identify and distinguish the business and services of Lumber

4

Liquidators from those of others and to indicate the source, origin, sponsorship and affiliation of Lumber Liquidators' services.

15.    Beginning in 2005, Floor Trader began selling and marketing wood flooring and other floor covering products. Like Lumber Liquidators, Floor Trader offers for sale numerous products, including laminate flooring, bamboo flooring, wood flooring, tile flooring and other floor covering products.

16.    Since its inception, Floor Trader has attempted to compete with Lumber Liquidators, the largest retailer in the wood flooring market, by offering retail and discounted wood flooring products and mimicking Lumber Liquidators business practice. Although Floor Trader's principal place of business is in Earth City, Missouri, it has opened locations in many locations throughout the United States, including Richmond, Virginia, in which Lumber Liquidators' stores are located.

17    Floor Trader promotes its products through its Internet website, located at www.stonemountainflooring.com (the "Floor Trader Website"). The Floor Trader Website promotes prominently the sale of its laminate flooring, bamboo flooring, wood flooring, tile flooring and other floor covering products. Copies of pages from the Floor Trader Website are attached hereto as Exhibit E and are incorporated herein by reference. In addition, Floor Trader promotes its products using other forms of advertising, including but not limited to store signage, print media and television advertisements. A picture of Floor Trader's store signage and copies of Floor Trader's print media advertising are attached hereto as Exhibit F and are incorporated herein by reference.

18.    Lumber Liquidators learned that Floor Trader has used, adopted, appropriated and/or copied, without authorization, the LUMBER LIQUIDATORS Marks and Trade Dress in its Internet website advertising and in its other forms of advertising.

19.    Lumber Liquidators has not licensed the LUMBER LIQUIDATORS Marks or Trade Dress to Floor Trader, nor has Lumber Liquidators authorized Floor Trader to use or copy the LUMBER LIQUIDATORS Marks or Trade Dress in any way.

20.    Through its use, adoption, appropriation and/or copying of the LUMBER LIQUIDATORS Marks and Trade Dress, without authorization, Floor Trader is attempting to "catch up" with its established competitor, Lumber Liquidators, by using or mimicking the LUMBER LIQUIDATORS Marks and Trade Dress in which Lumber Liquidators has invested significant time and resources.

21.    Floor Trader's use, adoption, appropriation and/or copying of the LUMBER LIQUIDATORS Marks and Trade Dress to identify, advertise, market, promote and sell the same type of products sold by Lumber Liquidators, has caused, and unless enjoined is likely to continue to cause, confusion or mistake among, or to deceive, the consuming public as to the source, origin, sponsorship or approval of the products sold by Floor Trader and by Lumber Liquidators.

22.    On March 20, 2007, counsel for Lumber Liquidators sent a letter to Floor Trader demanding that Floor Trader cease and desist immediately from its use of the LUMBER LIQUIDATORS Marks (the "Cease and Desist Letter"). A copy of that letter is attached hereto as Exhibit G and is incorporated herein by reference.

23.    In response to the Cease and Desist Letter, Floor Trader denied that Floor Trader was infringing the LUMBER LIQUIDATORS Marks and refused to cease and desist from using the LUMBER LIQUIDATORS Marks.  Since that time, Floor Trader's use of the LUMBER LIQUIDATORS Marks and Trade Dress has actually increased and become more pervasive.

24.    Lumber Liquidators has been damaged as a consequence of Floor Trader's unauthorized use, adoption, appropriation and/or copying of the LUMBER LIQUIDATORS Marks and Trade Dress.

25.    In addition, Floor Trader's conduct will cause Lumber Liquidators further immediate and irreparable injury, loss and damage for which Lumber Liquidators will have no adequate remedy at law.

26.    Floor Trader's use, adoption, appropriation and/or copying of the LUMBER LIQUIDATORS Marks and Trade Dress without authorization shows willful misconduct, malice, fraud, wantonness, oppression, or the entire lack of care which would raise the presumption of conscious indifference to its consequences.

## COUNT I
### (Federal Trademark Infringement)

27.    Lumber Liquidators incorporates herein and realleges, as if fully set forth in this paragraph, the allegations in the foregoing paragraphs above, inclusive.

28.    Floor Trader's unauthorized use, adoption, appropriation and/or copying of the LUMBER LIQUIDATORS Marks is likely to cause confusion or to cause mistake, or to deceive, and constitutes an infringement of Lumber Liquidators' federal trademark rights in its registered trademarks and service marks in violation of Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a).

7

29.    Floor Trader's actions have damaged Lumber Liquidators and its business.

30.    Unless temporarily, preliminarily and permanently enjoined, Floor Trader's conduct will cause Lumber Liquidators irreparable harm for which there exists no adequate remedy at law.

31.    Lumber Liquidators is entitled to recover from the Floor Trader all damages Lumber Liquidators has sustained due to Floor Trader's improper conduct, as well as Floor Trader's profits obtained from its infringing conduct, in an amount to be proved at trial and to be trebled, pursuant to 15 U.S.C. § 1117.

32.    Floor Trader's actions are willful and deliberate and amount to exceptional circumstances, justifying an award of attorneys' fees to Lumber Liquidators pursuant to 15 U.S.C. § 1117.

## COUNT II
### (Federal Trade Dress Infringement)

33.    Lumber Liquidators incorporates herein and realleges, as if fully set forth in this paragraph, the allegations in the foregoing paragraphs above, inclusive.

34.    Floor Trader's use, adoption, appropriation and/or copying of the LUMBER LIQUIDATORS Trade Dress has caused a likelihood of confusion, mistake or deception as to the source, origin, sponsorship or approval of the products sold by Floor Trader and by Lumber Liquidators, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

35.    Floor Trader's unauthorized use, adoption, appropriation and/or copying of the LUMBER LIQUIDATORS Trade Dress falsely suggests an affiliation or connection with, or sponsorship or approval of, Floor Trader and its products by Lumber Liquidators, and/or of Lumber Liquidators and its products by Floor Trader, in violation of 15 U.S.C. § 1125(a).

8

36.    Floor Trader's actions have damaged Lumber Liquidators and its business.

37.    Unless temporarily, preliminarily and permanently enjoined, Floor Trader's conduct will cause Lumber Liquidators irreparable harm for which there exists no adequate remedy at law.

38.    Lumber Liquidators is entitled to recover from Floor Trader all damages Lumber Liquidators has suffered due to Floor Trader's improper conduct, as well as Floor Trader's profits obtained from its infringing conduct, in an amount to be proved at trial and to be trebled, pursuant to 15 U.S.C. § 1117.

39.    Floor Trader's actions are willful and deliberate and amount to exceptional circumstances, justifying an award of attorneys' fees to Lumber Liquidators pursuant to 15 U.S.C. § 1117.

## COUNT III
### (Federal Unfair Competition)

40.    Lumber Liquidators incorporates herein and realleges, as if fully set forth in this paragraph, the allegations in the foregoing paragraphs above, inclusive.

41.    Floor Trader's unauthorized use, adoption, appropriation and/or copying of the LUMBER LIQUIDATORS Marks and Trade Dress has caused a likelihood of confusion, mistake or deception as to the source, origin, sponsorship or approval of the products sold by Floor Trader and by Lumber Liquidators, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

42.    Floor Trader's unauthorized use, adoption, appropriation and/or copying of the LUMBER LIQUIDATORS Marks and Trade Dress falsely suggests an affiliation or connection

9

with, or sponsorship or approval of, Floor Trader and its products by Lumber Liquidators, and/or of Lumber Liquidators and its products by Floor Trader, in violation of 15 U.S.C. § 1125(a).

43.    Floor Trader's actions have damaged Lumber Liquidators and its business.

44.    Unless temporarily, preliminarily and permanently enjoined, Floor Trader's conduct will cause Lumber Liquidators irreparable harm for which there exists no adequate remedy at law.

45.    Lumber Liquidators is entitled to recover from Floor Trader all damages Lumber Liquidators has suffered due to Floor Trader's improper conduct, as well as Floor Trader's profits obtained from its infringing conduct, in an amount to be proved at trial and to be trebled, pursuant to 15 U.S.C. § 1117.

46.    Floor Trader's actions are willful and deliberate and amount to exceptional circumstances, justifying an award of attorneys' fees to Lumber Liquidators pursuant to 15 U.S.C. § 1117.

## COUNT IV
### (Federal Trademark Dilution)

47.    Lumber Liquidators incorporates herein and realleges, as if fully set forth in this paragraph, the allegations in the foregoing paragraphs above, inclusive.

48.    By virtue of Lumber Liquidators' significant promotion, advertising and use of the LUMBER LIQUIDATORS Marks, and as evidenced by the significant sales and distribution of products identified by the LUMBER LIQUIDATORS Marks, the Marks have achieved fame with the relevant public as identifying products that originate solely from Lumber Liquidators.

49.    Floor Trader's unauthorized conduct has diluted the distinctive quality and value of the LUMBER LIQUIDATORS Marks in violation of the Federal Trademark Dilution Statute, 15 U.S.C. § 1125(c).

50.    Floor Trader's actions have damaged Lumber Liquidators and its business.

51.    Unless temporarily, preliminarily and permanently enjoined, Floor Trader's conduct will cause Lumber Liquidators irreparable harm for which there exists no adequate remedy at law.

52.    Lumber Liquidators is entitled to recover from Floor Trader all damages it has suffered due to Floor Trader's improper conduct, and Floor Trader's profits obtained from its infringing conduct, in an amount to be proved at trial and to be trebled, pursuant to 15 U.S.C. § 1117.

53.    Floor Trader's actions are willful and deliberate and amount to exceptional circumstances, justifying an award of attorneys' fees to Lumber Liquidators pursuant to 15 U.S.C. § 1117.

## COUNT V
### (Common Law Trademark Infringement)

54.    Lumber Liquidators incorporates herein and realleges, as if fully set forth in this paragraph, the allegations in the foregoing paragraphs above, inclusive.

55.    Lumber Liquidators has prior and exclusive rights to use its LUMBER LIQUIDATORS Marks to identify, market, promote and sell its products and retail store and distributorship services featuring wood products.

56.    Floor Trader's unauthorized use, adoption, appropriation and/or copying of the LUMBER LIQUIDATORS Marks for its wood flooring products and services has created a

11

likelihood of confusion, mistake or deception, and therefore infringes on the LUMBER LIQUIDATORS Marks in violation of the common law of the Commonwealth of Virginia.

57.    Floor Trader's actions have damaged Lumber Liquidators and its business.

58.    Lumber Liquidators is entitled to recover its damages from Floor Trader in an amount to be proved at trial.

59.    Unless preliminarily and permanently enjoined, Floor Trader's conduct will cause Lumber Liquidators irreparable harm for which there exists no adequate remedy at law.

**COUNT VI**
**(Common Law Trade Dress Infringement)**

60.    Lumber Liquidators incorporates herein and realleges, as if fully set forth in this paragraph, the allegations in the foregoing paragraphs above, inclusive.

61.    Lumber Liquidators has prior and exclusive rights to use its LUMBER LIQUIDATORS Trade Dress to identify, market, promote and sell its products and retail store and distributorship services featuring wood products.

62.    Floor Trader's unauthorized use, adoption, appropriation and/or copying of the LUMBER LIQUIDATORS Trade Dress for its wood flooring products and services has created a likelihood of confusion, mistake or deception, and therefore infringes on the LUMBER LIQUIDATORS Trade Dress in violation of the common law of the Commonwealth of Virginia.

63.    Floor Trader's actions have damaged Lumber Liquidators and its business.

64.    Lumber Liquidators is entitled to recover its damages from Floor Trader in an amount to be proved at trial.

65.    Unless preliminarily and permanently enjoined, Floor Trader's conduct will cause Lumber Liquidators irreparable harm for which there exists no adequate remedy at law.

## COUNT VII
### (Common Law Unfair Competition)

66.    Lumber Liquidators incorporates herein and realleges, as if fully set forth in this paragraph, the allegations in the foregoing paragraphs above, inclusive.

67.    Floor Trader's unauthorized use, adoption, appropriation and/or copying of the LUMBER LIQUIDATORS Marks constitutes unfair competition in violation of the common law of the Commonwealth of Virginia.

68.    Floor Trader's actions have damaged Lumber Liquidators and its business.

69.    Lumber Liquidators is entitled to recover its damages from Floor Trader in an amount to be proved at trial.

70.    Unless temporarily, preliminarily and permanently enjoined, Floor Trader's conduct will cause Lumber Liquidators irreparable harm for which there exists no adequate remedy at law.

**WHEREFORE,** Lumber Liquidators respectfully requests that the Court:

1.    Award judgment in favor of Lumber Liquidators and against Floor Trader on all counts of the Complaint;

2.    Enjoin Floor Trader preliminarily and permanently from all infringing acts that violate Lumber Liquidators' rights;

3.    Award Lumber Liquidators its actual and compensatory damages sustained due to Floor Trader's unlawful and infringing conduct, as well as all profits derived by Floor Trader from its unlawful and infringing conduct, in an amount to be proved at trial and to be trebled;

4.    Award Lumber Liquidators recovery of its reasonable attorneys' fees and costs of prosecuting this action;

13

5.    Award Lumber Liquidators appropriate punitive damages;

6.    Order destruction of all infringing articles;

7.    Grant such other, further, and different relief as the Court deems just and equitable; and

8.    Order a trial by jury on all appropriate issues.

LUMBER LIQUIDATORS, INC.

By: _____
Of Counsel

Robert A. Angle, VSB #37691
robert.angle@troutmansanders.com
Robert L. Brooke (VSB No. 23744)
robert.brooke@troutmansanders.com
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
(804) 697-1200
(804) 697-1339 (fax)

Counsel for Lumber Liquidators, Inc.