IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

LUMBER LIQUIDATORS, INC.,⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀Plaintiff,⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀Civil Action No. 3:08CV573–HEH
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
STONE MOUNTAIN CARPET⠀⠀⠀⠀)
MILLS, INC., d/b/a THE FLOOR⠀⠀⠀)
TRADER,⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀Defendant.⠀⠀⠀⠀⠀⠀⠀⠀)

## MEMORANDUM OPINION
**(Denying Plaintiff's Motion for Reconsideration)**

This is at core a trademark infringement action prosecuted under Sections 43(a)

and 32(1)(a) of the Lanham Act.  The underlying complaint asserts claims under both the

Lanham Act and Virginia common law for trademark infringement, trade dress

infringement, and unfair competition.  *See* 15 U.S.C. §§ 1114(1)(a), 1125(a) (2006).

After hearing two days of evidence, this Court granted Defendant's Motion for Judgment

as a Matter of Law, pursuant to Rule 50 of the Federal Rules of Civil Procedure.  The

Court concluded at the close of Plaintiff's case that it had proven neither damages nor

injury.  The case is again before the Court on Plaintiff's motion to reconsider its decision

to dismiss for failure to prove actual damages.[1]

---

[1]Although the Court orally announced its decision on the Rule 50 motion in open court,
the rationale underlying the decision was more particularly set forth in a Memorandum Order
entered on July 31, 2009.

The argument advanced by Plaintiff in support of its request for reconsideration is largely drawn from a composite of district court decisions, mostly from courts outside the Fourth Circuit. Plaintiff points to a number of cases where district courts have denied motions for summary judgment in part on the ground that the evidence, as forecast, could permit an award of nominal damages. Plaintiff further bolsters its position with an unpublished Second Circuit opinion and an opinion of the Eighth Circuit, which is at odds with a more recent panel decision of that court.[2] However well-reasoned these may have been, they conflict with the law of the Fourth Circuit and the majority of other reviewing federal circuits.

In *Xoom, Inc. v. Imageline, Inc.*, 323 F.3d 279 (4th Cir. 2003), the court stated unequivocally that "[t]o recover damages under the Lanham Act, [the defendant] must first establish that there has been a Lanham Act violation, then must prove <u>actual damages</u> and a causal link between those damages and the Lanham Act violation." *Id.* at 286 (emphasis added). In *Xoom*, the court affirmed the granting of summary judgment against the defendant on a counterclaim for unfair competition under the Lanham Act because the record demonstrated "no evidence that [the defendant] suffered actual damages." *Id.* As supporting authority, the court in *Xoom* cited to the statute itself, 15 U.S.C. §§ 1117, 1125, and *Black & Decker (U.S.) Inc. v. Pro-Tech Power Inc.*, 26 F. Supp. 2d 834, 863 (E.D. Va. 1998).

---

[2]*Rhone-Poulenc Rorer Pharms, Inc. v. Marion Merrell Dow, Inc.*, 93 F.3d 511 (8th Cir. 1996) is discussed below.

Despite a number of district court opinions which could be interpreted to the

contrary, the majority of circuit courts of appeal reviewing this issue have aligned

themselves with the Fourth Circuit position. In *Rhone-Poulenc Rorer Pharms., Inc. v.*

*Marion Merrell Dow, Inc.*, 93 F.3d 511, 515 (8th Cir. 1996), the court noted that "[t]he

Lanham Act provides that a successful plaintiff 'shall be entitled' to recover 'any

damages sustained.' 15 U.S.C. § 1117(a). Plaintiff must prove both actual damages and a

causal link between defendant's violation and those damages." *Id.* Moreover, in *ALPO*

*Petfoods, Inc. v. Ralston Purina Co.*, 913 F.2d 958, 968-69 (D.C. Cir. 1990), the court

observed that "[s]ection 35(a) [of the Lanham Act] authorizes courts to award to an

aggrieved plaintiff both plaintiff's damages and defendant's profits, but . . . courts'

discretion to award these remedies has limits. . . ." *Id.* "'[A]ny award based on plaintiff's

damages requires some showing of actual loss . . . .'" *Id.* (quoting *Foxtrap, Inc. v.*

*Foxtrap, Inc.*, 671 F.2d 636, 642 (D.C. Cir. 1982)). The Third Circuit has adopted the

same rationale in *Caesars World, Inc. v. Venus Lounge, Inc.*, 520 F.2d 269, 273-75 (3d

Cir. 1975). In *Caesars World*, the Third Circuit overturned an award of $1,000 in

compensatory damages in a Lanham Act case for failure to prove actual damages.

Relying on *Elec. Corp. of Am. v. Honeywell, Inc.*, 358 F. Supp. 1230, 1233 (D. Mass.),

*aff'd per curiam*, 487 F.2d 513 (1st Cir. 1973), *cert. denied*, 415 U.S. 960, 94 S. Ct. 1491

(1974), the court in *Caesars World* concluded that the term "damages" in Section 35 of

the Lanham Act means an award based on either actual damages to the plaintiff or actual

Case 3:08-cv-00573-HEH    Document 153    Filed 09/02/2009    Page 4 of 6

profits to the infringer, measured in dollars and cents.

In encouraging the Court to essentially circumnavigate the clear direction of the

Fourth Circuit, Plaintiff offers two opinions authored by well-respected judges of district

courts within the Fourth Circuit, *Pharmanetics, Inc. v. Aventis Pharms., Inc.*, 2005 U.S.

Dist. LEXIS 45768 (E.D.N.C. 2005)[3] and *7-Eleven, Inc. v. McEvoy*, 300 F. Supp. 2d 352

(D. Md. 2004). In each of these cases, the district court judge held that the evidence, as

forecast, was sufficient to support an award of nominal damages and denied defendant's

motion for summary judgment. Neither of these decisions squarely distinguish their

reasoning from the clear teachings of *Xoom*. Moreover, in both *Pharmanetics* and *7-*

*Eleven*, the record seemed to support the conclusion that plaintiffs had suffered some

injury as a result of the alleged Lanham Act violation. The evidence in the immediate

case showed no such economic injury. In fact, in each of the geographic areas for which

Lumber Liquidators' earnings were offered into evidence, Plaintiff's revenue increased

following the introduction of The Floor Trader's allegedly infringing marks into the

market. Lastly, even if *Pharmanetics* and *7-Eleven* could be read to support an award of

nominal damages under the facts of the case at hand, they could not trump the clear

---

[3]In *Pharmanetics*, the court alludes to *Xoom* in connection with the evidentiary burden on plaintiff to justify a monetary recovery generally, but makes no reference to *Xoom* in her decision of the quantum of damages necessary to support a recovery under the Lanhan Act. A careful reading of the court's opinion in *Pharmanetics* also reveals that her analysis embraced both Lanham Act and breach of contract claims.

holding of the Fourth Circuit in *Xoom*.[4]

The logic of the Fourth Circuit in *Xoom*, as well as that of the Third Circuit in

*Caesars World*, the D.C. Circuit in *ALPO Petfoods*, and the Eighth Circuit in *Rhone-

Poulenc Rorer Pharms.*, draws substance from the very language of the Lanham Act

itself. 15 U.S.C. § 1117(a). The statute refers specifically to the recovery of any damages

"sustained" by the plaintiff and uses the term "actual damages" in delineating the

remedies available to a plaintiff in a Lanham Act case. Furthermore, for the reasons

discussed in detail in this Court's previous Memorandum Order Granting Defendant's

Rule 50 Motion for Judgment as a Matter of Law on the issue of Plaintiff's damages, the

same analysis controls the defendant's claims for trademark infringement, trade dress

infringement, and unfair competition under the Virginia common law. *See Lone Star

Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 930 n.10 (4th Cir. 1995).[5]

After carefully reexamining the authorities cited by both Plaintiff and Defendant,

the Court is of the opinion that its initial impression in this case was correct. In the

Fourth Circuit, proof of actual damages is critical to the viability of a Lanham Act claim.

The evidence adduced by Plaintiff in this case showed neither actual damages nor

provable injury. The Court therefore correctly granted the Defendant's Rule 50 Motion

---

[4]In its reply brief, Lumber Liquidators also cites *People for the Ethical Treatment of
Animals (PETA) v. Doughney*, 263 F.3d 359, 364 (4th Cir. 2001), as consistent with its position.
PETA, however, did not seek monetary damages on its trademark infringement claim, only
injunctive relief. Consequently, proof of quantifiable damages was unnecessary.

[5]In their reply brief, Plaintiff appears to be drifting away from this position, which they
have consistently espoused throughout the case.

for Judgment as a Matter of Law.  Accordingly, Lumber Liquidator's Motion for

Reconsideration is denied.

An appropriate Order will accompany this Memorandum Opinion.

/s/

Henry E. Hudson
United States District Judge

Date: Sept 2, 2009
Richmond, VA